## In re ROERICH.

District Court, S. D. New York.
May 5, 1930.

Thomas T. Cooke, of New York City, of Department of Labor, for petitioner.

Charles H. Tuttle, U. S. Atty., of New York City, for Naturalization Department.

BONDY, District Judge.

On December 19, 1929, the alien filed his petition to be admitted to citizenship.

The alien first arrived in the United States on October 2, 1920. During the five years immediately preceding his application for admission to citizenship, he absented himself from the United States from February, 1926, to November 26, 1926, from April 19, 1927, to October 7, 1927, and again from June 13, 1928, to August 29, 1929, the last time for one year, two months, and sixteen days, during which period he was engaged abroad in scientific research for the benefit of an American institution.

Title 8, § 361, of the United States Code (8 USCA § 361), provides that no alien shall be admitted to become a citizen who has not for a continued term of five years next preceding his admission resided within the United States.

Section 382, as amended on March 2, 1929, § 6 (b), 8 USCA § 382, became effective on July 1, 1929. It provides that no alien shall be admitted to citizenship unless immediately preceding the date of his petition the alien has resided continuously within the United States for at least five years, and that absence from the United States for a continuous period of one year or more during the period immediately preceding the date of filing the petition for citizenship, for which continuous residence is required as a condition precedent to admission to citizenship, shall break the continuity of such residence.

It therefore appears that Congress has declared in language which cannot be misunderstood that aliens who file their petitions after July 1, 1929, shall not be admitted to citizenship if they have been absent from the United States for a continuous period of one year or more during the period immediately preceding the date of filing the petition for citizenship.

Petitioner's contention that aliens who left the United States prior to July 1, 1929, with the intention and permission to return thereto, and aliens who have not been absent therefrom for one year after July 1, 1929, are not governed by the amendment, cannot be sustained.

The fact that there is now pending before Congress a proposed amendment to the law, providing that absence for more than one year shall not be construed to break continuity when such absence shall be or shall have been by reason of the appointment and service of an alien, otherwise admissible to citizenship, in behalf of or under the direction of the government of the United States or of an American institution of research, if such absence shall be or shall have been solely by reason of service in connection with scientific research, confirms the correctness of the court's conclusion.

The petition, therefore, must be dismissed.