## In re VITALE.
### No. 138451.

District Court, E. D. New York.
Oct. 9, 1930.

David George Paston, of New York City, for petitioner.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Merton A. Sturges, Dist. Director of Naturalization, of New York City, on the brief), for respondent.

GALSTON, District Judge.

When the petition first came before the court, on the showing of the District Director of Naturalization that the petitioner had been absent from the United States from July 10, 1926, continuously until July 12, 1927, and that he had not filed his petition for naturalization until December 12, 1929, the petition was denied.

The second paragraph of the fourth subdivision of section 4 of the Act of Congress approved June 29, 1902, as amended by the Act of March 2nd, 1929, c. 536, § 6(b), 45 Stat. 1513 (title 8 U. S. Code, § 382 [8 US CA § 382]), reads in part as follows:

"Absence from the United States for a continuous period of one year or more during the period immediately preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship shall break the continuity of such residence."

The petitioner seeks to have the order of denial vacated and the matter reconsidered on the grounds that the statute in question should be interpreted as effective prospectively only, and he contends that, as so interpreted, the statute does not in any degree take away from aliens, residing in the United States prior to the date at which the statute became effective, rights to citizenship which they then had; the petitioner also contends that under the first paragraph of the section in question his petition should be granted.

That part of the statute relied on reads as follows:

"If an individual returns to the country of his allegiance and remains therein for a continuous period of more than six months and less than one year during the period immediately preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship, the continuity of such residence shall be presumed to be broken, but such presumption may be overcome by the presentation of satisfactory evidence that such individual had a reasonable cause for not returning to the United States prior to the expiration of such six months." 8 US CA § 382.

Considering the first ground alleged, it must be understood that Congress has full power to prescribe the terms under which citizenship may be conferred upon aliens. They acquire by arrival on our shores no vested right to citizenship, and certainly up to the time of filing a petition in compliance with the existing law, no such right can be acquired. United States v. Rosika Schwimmer, 279 U. S. 644, 49 S. Ct. 448, 73 L. Ed. 889.

In consequence such rights as the petitioner possessed must be measured as of December 19, 1929, when he filed his petition. The law then in force was that which became effective July 1, 1929, which clearly stated that "absence from the United States for a continuous period of one year or more during the period immediately preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship shall break the continuity of such residence."

Since, therefore, the petitioner was absent from the United States for one year and two days he cannot acquire citizenship under the present petition. See Petition of Sviatoslav Roerich (D. C.) 44 F.(2d) 241.

The second ground alleged by the petitioner has no merit whatsoever. The statute, it is true, states that if an individual returns to the country of his allegiance and remains in such country for more than six months and less than a year, the presumption of continuity of citizenship may be overcome by presentation of satisfactory evidence that the petitioner had a reasonable cause for not returning to the United States prior to the expiration of such six months. If that were all, the petitioner herein could avail himself

of that provision of the statute; but since the petitioner was absent from the United States, i. e., not necessarily in the country of his allegiance, for more than one year preceding the filing of his petition, then there remains no presumption. He is deemed absolutely to have broken the continuity of his residence.

The motion must therefore be denied.